ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **LUZ ZENAIDA MARTÍNEZ RODRÍGUEZ**<br>DEMANDANTE(S)-APELANTE(S)<br><br>V.<br><br>**MUNICIPIO DE SAN GERMÁN REPRESENTADO POR SU ALCALDE VIRGILIO OLIVERA OLIVERA; JOHN/JANE DOE (1) EN REPRESENTACIÓN DE LA COMPAÑÍA DE SEGUROS ABC EN REPRESENTACIÓN DEL MUNICIPIO DE SAN GERMÁN Y SU ALCALDE VIRGILIO OLIVERA OLIVERA; MIRYAM SOTO ADMINISTRADOR, REPRESENTANTE, DIRECTOR, ETC. DE FOMENTO INDUSTRIAL; PRIDCO, PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY; EUNICE IGLESIAS REPRESENTANTE DE LA COMPAÑÍA DE SEGUROS MULTINATIONAL INSURANCE COMPANY QUIEN REPRESENTA A SU VEZ A LA COMPAÑÍA DE FOMENTO INDUSTRIAL, PRIDCO, PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY**<br>DEMANDADA(S)-APELADA(S) | KLAN202300972 | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ**<br><br>Caso Núm.<br>**MZ2021CV00281 (206)**<br><br>Sobre:<br>Daños y Perjuicios; Caída; Art. 1802 CCPR, 31 LPRA (Art. 1536 Nuevo Código Civil) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Barresi Ramos*, juez ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, hoy día 30 de junio de 2025.

Comparece ante este Tribunal de Apelaciones, la señora **LUZ ZENEIDA**

**MARTÍNEZ RODRÍGUEZ** (señora **MARTÍNEZ RODRÍGUEZ**) mediante *Escrito de Apelación* instado el 31 de octubre de 2023. En su recurso, nos solicita que revisemos la *Sentencia* decretada el 14 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.[1] Mediante dicho dictamen, el foro *a quo* desestimó, con perjuicio, la *Demanda* en su totalidad.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 10 de mayo de 2019, la señora **MARTÍNEZ RODRÍGUEZ** interpuso *Demanda* sobre daños y perjuicios.[2] Alegó que el 10 de febrero de 2019, sufrió una caída en la acera contigua a la Calle Industrial del Barrio Retiro del municipio de San Germán. Enunció que "[l]a caída se debió a la pobre condición de la acera, la que al momento de la caída estaba desnivelada, agrietada, con poco o ningún mantenimiento y que tenía un área donde sobresalía un pedazo de cemento cuyo color se confundía por completo con el color de la acera".

Luego de varios incidentes procesales, el 23 de mayo de 2020, se presentó *Demanda Enmendada* para incluir como partes al **MUNICIPIO DE SAN GERMÁN** (**MUNICIPIO**); su alcalde; **PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY** (**PRIDCO**); y Compañía de Seguros XYZ, ahora **MULTINATIONAL INSURANCE COMPANY** (**MULTINATIONAL**).[3] El 1 de junio de 2020, ante la oposición del **MUNICIPIO,** se dictó *Resolución* en la cual se dispuso: "No procede la Demanda contra Tercero. Para Demanda Enmendada deberá cumplirse la Regla 13.1 de Procedimiento Civil".[4]

Así las cosas, el 8 de junio de 2020, la señora **MARTÍNEZ RODRÍGUEZ** presentó una *Moción de Desistimiento Sin Perjuicio Bajo la Regla 39.1(a)(1) de*

---

[1] Esta determinación judicial fue notificada y archivada en autos el 18 de septiembre de 2023. Apéndice del *Escrito de Apelación*, págs. 1- 22.
[2] Caso número: MZ2019CV0075. Apéndice del *Escrito de Apelación*, págs. 68- 71.
[3] Apéndice del *Escrito de Apelación*, págs. 73- 78.
[4] *Íd.*, pág. 86.

*las de Procedimiento Civil.*[5] En consecuencia, el 29 de junio de 2020, se pronunció *Sentencia* declarando con lugar la interpelación de desistimiento y decretando el archivo, sin perjuicio, del caso.[6]

Tiempo después, el 2 de marzo de 2021, la señora **MARTÍNEZ RODRÍGUEZ** entabló una *Demanda* sobre daños y perjuicios que fue identificada con el alfanumérico: MZ2021CV00281.[7] Los emplazamientos dirigidos a **PRIDCO** y a su compañía aseguradora –Compañía de Seguros XYZ– fueron diligenciados el 19 de abril de 2021, en la dirección del Edificio de Fomento Industrial.[8]

El 23 de septiembre de 2021, la señora **MARTÍNEZ RODRÍGUEZ** presentó *Moción Informativa en Cuanto a Sustitución de Nombre de Demandado, así como para Anotar la Rebeldía a Dicha Parte.*[9] Requirió sustituir John, Jane Doe (3) por el nombre de **EUNICE IGLESIAS** (Dept. de Contabilidad), y la anotación de rebeldía a **PRIDCO**. Al día siguiente, **PRIDCO** presentó su *Contestación a Demanda* conteniendo sus *Defensas Afirmativas.*[10] Entre estas, expuso:

> "5. La parte compareciente no es dueña, ni tiene la jurisdicción, el control, el manejo o el deber de mantener el área en donde ocurrieron los hechos."

Más tarde, el 11 de mayo de 2023, la señora **MARTÍNEZ RODRÍGUEZ** presentó *Moción Informativa Solicitando la Anotación de Rebeldía en cuanto a la Compañía de Seguros que Representa PRIDCO de Puerto Rico.*[11] El próximo día, se dictaminó *Resolución y Orden* en la cual se declaró no ha lugar el petitorio, toda vez que, los emplazamientos- el de **PRIDCO** y el de su compañía aseguradora- fueron diligenciados en la misma dirección del

---

[5] *Íd.*, pág. 87.
[6] Apéndice del *Escrito de Apelación*, pág. 88.
[7] *Íd.*, págs. 89- 95.
[8] *Íd.*, págs. 96-97.
[9] Apéndice del *Escrito de Apelación*, págs. 98- 99.
[10] *Íd.*, págs. 100- 105.
[11] Entradas núm. 98 y 99 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC). También presentó una versión enmendada.

Edificio de Fomento Industrial.[12] Por consiguiente, se concedió un término de diez (10) días para que identificara el nombre correcto de la compañía de seguros emplazada. El 15 de mayo de 2023, la señora **MARTÍNEZ RODRÍGUEZ** presentó una *Moción Informativa y en Cumplimiento de Orden para Anotar la Rebeldía y Sustitución de Nombre de la Compañía de Seguros XYZ por el de MULTINATIONAL INSURANCE COMPANY.*[13] Consecuentemente, el 23 de junio de 2023, se emitió *Resolución y Orden* requiriéndole a secretaria llevar a cabo la sustitución de parte.[14]

El 27 de junio de 2023, sin someterse a la jurisdicción del tribunal, **MULTINATIONAL** presentó una *Moción para Solicitar Reconsideración de la Orden Emitida el 23 de junio de 2023 y para Solicitar la Desestimación de la Causa de Acción en Contra de Multinational Insurance Company por Deficiencia en el Diligenciamiento del Emplazamiento y por Prescripción de la Causa de Acción.*[15] Entretanto, manifestó en esta que, el emplazamiento no se diligenció a la dirección correcta ni a la persona autorizada, a pesar de que la señora **MARTÍNEZ RODRÍGUEZ** advino en conocimiento de ello, mediante su contestación a interrogatorio cursado el 8 de febrero de 2022.[16] Sostuvo, que a la fecha en que finalmente se identificó a **MULTINATIONAL** como aseguradora de **PRIDCO**, habían transcurrido dos años (2) y dos (2) meses desde la radicación de la *Demanda*, sin que se presentará demanda enmendada o sustitución de parte para traerlos al pleito.

Consecutivamente, el 29 de junio de 2023, el **MUNICIPIO** presentó su *Moción de Sentencia Sumaria Parcial.*[17] En apoyo de su pretensión, acompañó una declaración jurada y una certificación del Registro de la Propiedad de San Germán, la cual establecía que la acera donde ocurrió el alegado accidente le

---

[12]Apéndice del *Alegato en Oposición de la Parte Demandada- Apelada* (**PRIDCO** y **MULTINATIONAL**, pág. 1.
[13] Apéndice del *Alegato en Oposición de la Parte Demandada- Apelada*, págs. 2- 3.
[14] *Íd.*, pág. 4.
[15] Apéndice del *Escrito de Apelación*, pág. 39-46.
[16] Apéndice del *Alegato en Oposición de la Parte Demandada- Apelada*, pág. 6.
[17] Apéndice del *Escrito de Apelación*, págs. 47- 57.

pertenecía a **PRIDCO**.[18] En igual fecha, **PRIDCO** presentó su *Solicitud de Sentencia Sumaria por Prescripción* aduciendo que, allá para el 6 de diciembre de 2019, la señora **MARTÍNEZ RODRÍGUEZ** advino en conocimiento de que el titular de la acera donde ocurrió el alegado accidente era **PRIDCO**.[19] En respuesta, el 3 de agosto de 2023, la señora **MARTÍNEZ RODRÍGUEZ** presentó *Moción en Oposición a Moción de Sentencia Sumaria Parcial Radicada por el Municipio de San Germán* y *Moción en Oposición a Moción de Sentencia Sumaria por Prescripción Radicada por Puerto Rico Industrial Development Company (PRIDCO)*.[20] El 14 de septiembre de 2023, se intimó la *Sentencia* apelada.

Así pues, el 30 de septiembre de 2023, la señora **MARTÍNEZ RODRÍGUEZ** presentó una *Moción de Reconsideración*.[21] El 4 de octubre de 2023, se expidió *Resolución* declarando no ha lugar la petición de reconsideración.[22]

En desacuerdo, el 31 de octubre de 2023, la señora **MARTÍNEZ RODRÍGUEZ** incoó ante este tribunal revisor un *Escrito de Apelación*. En su recurso, señala el(los) siguiente(s) error(es):

> **Primer Error:** Erró el Honorable Tribunal de Instancia al declarar Ha Lugar las Mociones presentadas por el codemandado PRIDCO de Puerto Rico y su Compañía de Seguros Multinational In[s]urance Company de fecha 27 de junio de 2023, bajo el principio legal de la prescripción, deficiencia en el emplazamiento, así como a la reconsideración de orden emitida para anotar la rebeldía a la compañía de seguros de fecha 23 de junio de 2023. Además, declarar Ha Lugar la Moción sobre Sentencia Sumaria Parcial del Municipio de San Germán en cuanto a desestimar por las razones allí vertidas.

> Erró el Honorable Tribunal de Instancia al [d]eclarar Ha Lugar las mociones presentadas por las partes demandadas y por consiguiente emitir un fallo o Sentencia a favor de los demandados disponiendo que dicha Sentencia es CON PERJUICIO.

---

[18] *Íd.*, págs. 80- 85.
[19] Apéndice del *Escrito de Apelación*, págs. 58- 67. Véase, además, Apéndice del *Alegato en Oposición de la Parte Demandada- Apelada*, pág. 7.
[20] Apéndice del *Alegato en Oposición de Apelación* (**MUNICIPIO**), págs. 62- 82; véase, además, Apéndice del *Alegato en Oposición de la Parte Demandada- Apelada*, págs. 20- 49.
[21] Apéndice del *Escrito de Apelación*, págs. 23- 37.
[22] *Íd.*, pág. 38.

Erró a su vez en el uso y ejercicio de la discreción judicial al emitir la Sentencia, fallo que refleja alto grado de pasión, prejuicio, parcialidad contra la parte demandante.

**Segundo Error:** Erró el Honorable Tribunal de Instancia en cuanto a la apreciación del concepto de prescripción aplicado en cuanto a los hechos del caso que nos ocupa, así como erró en cuanto a la apreciación y aplicación de la figura de responsabilidad solidaria de co-causantes, co-responsables, co-deudores, emplazamientos, rebeldía, sentencia sumaria y la discreción judicial.

**Tercer Error:** Erró el Honorable Tribunal de Instancia al presentar unos hechos y unas circunstancias particulares y ajenas al caso de epígrafe cuando en la p[á]gina 5 de la Sentencia emitida, trae a colación y discusión una persona y situación totalmente ajena, como codemandada, a saber, Dra. Paloma Vázquez Dávila, así como la aplicación de la Regla 10.2 de las de Procedimiento Civil. (Esta persona no es parte codemandada en el pleito que nos ocupa).

El 2 de noviembre de 2023, prescribimos *Resolución* en la cual, entre otras cosas, concedimos un plazo perentorio de treinta (30) días para presentar alegato en oposición. El 28 de noviembre de 2023, el **Municipio Autónomo de San Germán** presentó su *Alegato en Oposición de Apelación*. Acto seguido, el 1 de diciembre de 2023, **Puerto Rico Industrial Development Company (PRIDCO)** y **Multinational Insurance Company (Multinational)** presentaron su *Alegato en Oposición de la Parte Demandada-Apelada*.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de todas las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A – *Sentencia Sumaria*

La *sentencia sumaria* es un mecanismo procesal disponible para adjudicar controversias sin la celebración de un juicio.[23] Su propósito o

---

[23] *Cruz, López v. Casa Bella y otros,* 2024 TSPR 47, resuelto el 8 de mayo de 2024; *Birriel Colón v. Econo y otro*, 213 DPR 80 (2023); *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979 (2022).

finalidad es propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales, y en los cuales sólo resta dirimir una controversia de derecho.[24]

Este mecanismo se encuentra instituido por la Regla 36 de las de Procedimiento Civil de 2009.[25] Esta implanta que cualquiera de las partes "podrá presentar [...] una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada".[26]

Lo anterior implica que, la parte promovente debe demostrar que no existe *controversia sustancial* sobre algún hecho material, pues la *sentencia sumaria* solo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes.[27] Para ello, debe desglosar en párrafos debidamente numerados y, para cada uno de ellos, debe especificar la página o el párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya.[28] La jurisprudencia interpretativa ha definido que "[u]n hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".[29]

Por su parte, quien se opone a que se dicte *sentencia sumaria* está obligado a controvertir la prueba presentada, contestando de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una *controversia real y sustancial* que debe dilucidarse en juicio.[30] Entre la evidencia que puede presentar, está la siguiente: "certificaciones, documentos públicos, admisiones de la parte contraria, deposiciones,

---

[24] *Id.*

[25] 32 LPRA Ap. V, R. 36.3 (a); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

[26] 32 LPRA Ap. V, R. 36.1 y 36.2. *Acevedo y otros v. Dpto. Hacienda y otros*, 212 DPR 335 (2023).

[27] *Oriental Bank v. Caballero García*, 212 DPR 671 (2023).

[28] Regla 36.3(a) de las de Procedimiento Civil de 2009, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo, supra*.

[29] *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023).

[30] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 336 (2021); *Ramos Pérez v. Univisión*, 178 DPR 200, 214. (2010).

contestaciones a interrogatorios, declaraciones juradas o affidávits, y hasta prueba oral".[31] Es decir, no basta con presentar meras afirmaciones. Resulta insuficiente para derrotar una petitoria de *sentencia sumaria* una declaración jurada que meramente exponga conclusiones reiteradas de las alegaciones de la demanda y hechas sin conocimiento personal de los hechos.[32] Empero, será el análisis del derecho aplicable y de la existencia de alguna *controversia sustancial de hechos materiales* lo que determinará si procede dictar sentencia sumariamente, y no el que la parte contraria deje de oponerse al pedido, o lo haga defectuosamente.[33]

Al evaluar la procedencia de la solicitación de *sentencia sumaria* el tribunal **analizará los documentos que acompañan la moción de** *sentencia sumaria*, **los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal**.[34] Por ello, "[t]oda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de sentencia sumaria".[35] Más aún, el tribunal no tiene que considerar los hechos que no estén debidamente enumerados y no hagan referencia a los párrafos o páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establezcan.[36] Tampoco tiene la obligación de considerar cualquier parte de una declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en la relación de hechos.[37]

No obstante, "cualquier duda no es suficiente para derrotar una moción de sentencia sumaria; por el contrario, tiene que ser una duda que

---

[31] *Acevedo y otros v. Depto. Hacienda y otros, supra*, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 318. Véase, además, la Regla 36.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.5.
[32] *Ramos Pérez v. Univisión, supra*, págs. 215- 216.
[33] *Ortiz v. Holsum*, 190 DPR 511, 525 (2014).
[34] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913 (1994). (énfasis nuestro).
[35] *E.L.A. v. Cole*, 164 DPR 608, 626 (2005); *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610- 611 (2000).
[36] Regla 36.3(d) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36.3(d). Véase, además, *SLG Zapata-Rivera v. J.F. Montalvo, supra*, pág. 433.
[37] *Íd.*

permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".[38] Por tanto, "[existe] una controversia real cuando la prueba ante el tribunal es de tal naturaleza que un juzgador racional de los hechos podría resolver a favor de la parte promovida".[39]

La parte promovente puede prevalecer por la vía sumaria si presenta prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. En cambio, la parte promovida puede derrotar la moción de tres (3) maneras diferentes: (1) si establece una controversia real de hechos sobre uno de los elementos de la causa de acción de la parte promovente; (2) si presenta prueba que apoye una defensa afirmativa; o (3) si presenta prueba que establezca una controversia sobre la credibilidad de los testimonios jurados que presentó la parte promovente.[40] Esta parte no puede descansar en meras alegaciones sino que viene obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente.[41] Ahora bien, la falta de oposición a la moción de *sentencia sumaria* no conlleva la concesión automática del remedio solicitado, si existe una controversia legítima sobre un hecho material, o si la sentencia no procede conforme al derecho sustantivo aplicable.[42] Del mismo modo, el tribunal puede dictar *sentencia sumaria* de naturaleza interlocutoria para resolver cualquier controversia que existe entre las partes y sea separable de las controversias restantes.[43]

"[N]o es aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de la credibilidad es

---

[38] *Ramos Pérez v. Univisión, supra*, pág. 214.
[39] *Íd.*
[40] *Íd.*, pág. 217.
[41] Regla 36.3 (c) de las de Procedimiento Civil de 2009.
[42] *Ortiz v. Holsum, supra*, pág. 525 (2014); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 137 (2015) (Estrella Martínez, opinión disidente).
[43] 32 LPRA Ap. V, R. 36.3(e).

esencial y está en disputa".[44] Pero, "la regla no excluye tipos de casos y realmente puede funcionar en cualquier contexto sustantivo".[45]

La Regla 36.4 de las de Procedimiento Civil de 2009 delimita las instancias en que el Tribunal de Primera Instancia está obligado a consignar en su dictamen los hechos materiales sobre los cuales no hay controversia, y cuáles hechos materiales halló controvertidos; a saber: (1) cuando no se dicta *sentencia sumaria* sobre la totalidad del pleito; (2) cuando no se concede todo el remedio solicitado; y (3) cuando se deniega la moción de *sentencia sumaria*.[46] Estas tres (3) instancias conllevan la celebración de una audiencia en su fondo. En estos casos, la consignación en la *sentencia sumaria* de los hechos materiales sobre los cuales no hay controversia sustancial hace innecesario presentar evidencia o prueba sobre estos durante el juicio.[47]

Dicho esto, este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar [denegaciones] o concesiones de mociones de *sentencia sumaria*.[48] Esto significa que, al evaluar el ruego de *sentencia sumaria*, al igual que el foro primario, debemos aplicar los criterios de la Regla 36 de las de Procedimiento Civil de 2009 y su jurisprudencia interpretativa. Ello supone examinar el expediente de la manera más favorable hacia la parte que se opuso a la súplica de *sentencia sumaria*, llevando a cabo todas las inferencias permisibles a su favor. Como resultado, tenemos el deber de revisar que tanto la moción de *sentencia sumaria* como su oposición cumplan con los requisitos de forma erigidos en la Regla 36 de las de Procedimiento Civil de 2009.[49]

En esencia, si el foro primario **acogió la moción** y dictó sentencia sumariamente, nos corresponderá revisar que, efectivamente si existen

---

[44] *Ramos Pérez v. Univisión, supra,* pág. 219.
[45] *Íd.,* pág. 220.
[46] 32 LPRA Ap. V, R. 36.4. *Pérez Vargas v. Office Depot,* 203 DPR 687, 697 (2019).
[47] *Íd.*
[48] *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 809 (2020); *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020); *Meléndez González et al. v. M. Cuebas, supra,* pág. 118.
[49] *Birriel Colón v. Econo y otro, supra.*

hechos materiales en controversia.[50] De no existir, procederemos entonces a revisar de *novo* si el Tribunal de Primera Instancia adjudicó correctamente el derecho. Por el contrario, si el foro primario denegó la moción de *sentencia sumaria* por entender que existían hechos materiales en controversia, "**el tribunal apelativo solo revisa si el foro primario abusó de su discreción**".[51] En palabras sencillas, los tribunales revisores estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales; y (3) comprobar si el derecho se aplicó de forma correcta.[52]

## - B – *Daños y Perjuicios*

El Artículo 1802 del Código Civil de Puerto Rico de 1930 implanta que la persona que por acción u omisión causa daño a otra, interviniendo culpa o negligencia, venía obligada a reparar el daño causado.[53] Todo perjuicio, material o moral, da lugar a reparación si concurren estos tres (3) elementos: (1) un acto u omisión culposo o negligente; (2) el daño sufrido; y (3) la existencia de un nexo causal entre el daño y la acción u omisión.[54]

La jurisprudencia ha erigido que la culpa o negligencia consiste en "la falta del debido cuidado, que a la vez, consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias".[55] Ante una alegación de un daño sufrido, como consecuencia de la negligencia de la

---

[50] *Rivera Matos et al. v. Triple S et al., supra*, pág. 1025.

[51] *Meléndez González et al. v. M. Cuebas, supra*, pág. 116. (énfasis nuestro).

[52] *Birriel Colón v. Econo y otro, supra*, pág. 5; *Meléndez González et al. v. M. Cuebas, supra*, págs. 114– 116.

[53] 31 LPRA ant. sec. 5141. El *Código Civil de Puerto Rico de 1930,* fue derogado y sustituido por el *Código Civil de Puerto Rico de 2020,* conocido como la Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 5311 *et seq*. Los hechos que originan la presente controversia tomaron lugar durante la vigencia del código anterior, por lo cual, esta es la ley que aplica al caso.

[54] *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 483- 484 (2022); *Pérez et al. v. Lares Medical et al.,* 207 DPR 965, 976 (2021); *Nieves Díaz v. González Massas,* 178 DPR 820, 843 (2010); *Santiago v. Sup. Grande,* 166 DPR 796, 807 (2006); *Hernández Nieves v. Fournier,* 80 DPR 93, 97 (1957).

[55] *Cruz Flores et al. v. Hosp. Ryder et al., supra*, pág. 484; *Pérez et al. v. Lares Medical et al., supra*, págs. 976-977; *López v. Porrata Doria,* 169 DPR 135, 151 (2006).

parte demandada, le corresponde a la parte demandante el peso de la prueba para derrotar la alegada negligencia.[56]

Por su parte, y pertinente al presente caso, el inciso (g) del Artículo 15.005 de la *Ley de Municipios Autónomos*, provee protección a los municipios por acciones o reclamaciones por daños y perjuicios cuando ocurran accidentes en las carreteras o aceras propiedad del Gobierno estatal.[57] Su implementación se debió a que "se conside[raba] injusto que los municipios tuvieran el deber de responder en daños y perjuicios por los accidentes ocurridos en las carreteras y aceras que son dominio del Gobierno estatal, al no tener bajo su control la atención total de dichas infraestructuras".[58] El precitado artículo dispone:

> No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:
> [...]
> (g) **Cuando ocurren accidentes en las carreteras o aceras estatales**.[59] *(Énfasis suplido)*.

Así pues, "el factor determinante para que los municipios no respondan en daños y perjuicios es la existencia del vínculo directo entre un accidente y el hecho de que el mismo ocurra en una carretera o acera propiedad del Estado".[60] Nuestro Máximo Foro ha expresado que un municipio no viene obligado a responder automáticamente por accidentes ocurridos en carreteras o aceras que ubiquen dentro de su demarcación territorial, pues es sabido que hay vías que están bajo la jurisdicción y responsabilidad del Gobierno de Puerto Rico.[61]

---

[56] *Colon y otros v. Kmart y otros*, 154 DPR 510, 521 (2001); *Matos v. Adm. Servs. Médicos de PR*, 118 DPR 567, 569 (1987).

[57] El derecho aplicable en el caso de epígrafe se remite a la *Ley de Municipios Autónomos*, 21 LPRA ant. sec. 4001 *et seq.*, puesto que, los hechos que dan base a esta tuvieron su lugar antes de la aprobación del *Código Municipal de Puerto Rico*, Ley Núm. 107 de 14 de agosto de 2020, según enmendada, 21 LPRA sec. 7001 *et seq.* Véase 21 LPRA secc. 4705; *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023).

[58] *González Meléndez v. Mun. San Juan et al., supra.*

[59] 21 LPRA secc. 4705(g).

[60] *González Meléndez v. Mun. San Juan et al., supra.*

[61] *Íd.*

### - C - *Emplazamiento*

El *emplazamiento* es el mecanismo procesal mediante el cual se le notifica a la parte demandada sobre la existencia de una reclamación instada en su contra y el tribunal adquiere jurisdicción sobre su persona para resolver el asunto.[62] Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada de forma sucinta y sencilla que se ha presentado una acción en su contra, garantizándole la oportunidad de comparecer en el juicio, ser oído y presentar prueba a su favor.[63] Conforme a lo anterior, no es hasta que se diligencie el emplazamiento y se adquiera jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal.[64]

Así pues, los emplazamientos se clasifican por la forma de diligenciarlos y por el domicilio de la parte demandada. El *emplazamiento personal* es aquel que se lleva a cabo mediante la entrega de la demanda y del emplazamiento a la parte demandada. Asimismo, el *emplazamiento mediante edicto* es aquel que se diligencia mediante la publicación de edicto en periódico de circulación general.[65]

En consonancia, los requisitos del emplazamiento son de *cumplimiento estricto* y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley.[66] A tales efectos, toda parte demandada tiene el derecho a ser emplazada "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se

---

[62] *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Rivera Marrero* v. *Santiago Martínez*, 203 DPR 462, 480 (2019).

[63] *Rivera Torres v. Díaz López*, 203 DPR 636 (2020); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017).

[64] *Natal Albelo v. Romero Lugo y otros*, 206 DPR 465, 475 (2021); *Rivera Marrero* v. *Santiago Martínez, supra*, pág. 483.

[65] Véase: Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, 2017, pág. 260.

[66] *Rivera Marrero v. Santiago Martínez, supra*, pág. 481- 486; *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000).

utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley".[67]

En nuestro ordenamiento jurídico, los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están circunscritos por la Regla 4 de las de Procedimiento Civil de 2009 y su inobservancia priva al tribunal de su jurisdicción sobre la persona de la parte demandada.[68] Ahora bien, la Regla 4.2 de las de Procedimiento Civil de 2009 instaura los requisitos de forma que debe contener un emplazamiento.[69] Por su parte, la Regla 4.4 (e) preceptúa que:

> [e]l emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente: [...] (e) A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un o una oficial, gerente administrativo, agente general o a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos.[70]

El Máximo Foro ha resuelto que el término dispuesto para diligenciar el emplazamiento es "improrrogable".[71] En cuanto a ello, la Regla 4.3 (c) de las de Procedimiento Civil de 2009 especifica**: "[...] será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto".[72] *(Énfasis nuestro).* Ante el escenario que Secretaría no expida los emplazamientos el mismo día de haberse instado la demanda, "el término para diligenciar un emplazamiento comenzará a transcurrir, *sin ninguna otra condición o requisito,* una vez la Secretaría del tribunal expida el

---

[67] *First Bank of P.R. v. Inmob. Nac., Inc,* 144 DPR 901, 916 (1998).
[68] 32 LPRA Ap. V, R. 4. *Datiz v. Hospital Episcopal,* 163 DPR 10, 15 (2004).
[69] 32 LPRA Ap. V, R. 4.2.
[70] 32 LPRA Ap. V, R. 4.4(e).
[71] *Martajeva v. Ferré Morris y otros, supra,* pág. 621; *Sánchez Ruíz v. Higuera Pérez et al.,* 203 DPR 982, 991 (2020); *Bernier González* v. *Rodríguez Becerra, supra,* pág. 649.
[72] 32 LPRA Ap. V, R. 4.3(c).

emplazamiento".[73] *(Citas omitidas).*

### - D - *Regla 10 de las de Procedimiento Civil de 2009*

La Regla 10 de las de Procedimiento Civil de 2009, sobre las defensas y objeciones, faculta a la parte demandada presentar tres (3) clases de mociones antes de su alegación responsiva.[74] Estas son: (i) moción de desestimación (Regla 10.2); (ii) moción para solicitar una exposición más definida (Regla 10.4); y moción eliminatoria (Regla 10.5). La presentación de cualquiera de estas mociones interrumpe el plazo para contestar la reclamación. Por otro lado, la Regla 10.7 requiere la acumulación de las defensas. En otras palabras, si se presenta un escrito que no comprende alguna de dichas defensas u objeciones posteriormente no se podrá presentar otro petitorio fundado en alguna defensa u objeción omitida excepto: falta de jurisdicción sobre la materia (Reglas 10.2(1)) así como haber dejado de exponer una reclamación que justifique la concesión de un remedio; haber omitido acumular una parte indispensable; o haber omitido exponer una defensa legal a una reclamación (Regla 10.8 (b)).

A su vez, la Regla 10.2 de las de Procedimiento Civil de 2009 instituye que las defensas de hecho o de derecho contra una reclamación deben presentarse antes de una alegación responsiva.[75] Una moción de desestimación bajo la precitada regla es aquella que presenta la parte demandada previo a contestar la demanda solicitando que se desestime la causa de acción presentada en su contra.[76]

La antedicha Regla dispone como fundamentos para la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación

---

[73] *Pérez Quiles v. Santiago Cintrón, supra,* pág. 381.
[74] 32 LPRA Ap. V, R. 10.
[75] 32 LPRA Ap. V, R. 10.2.
[76] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, (2017)., págs. 305– 306.

que justifique la concesión de un remedio; o (6) dejar de acumular una parte indispensable.[77] La falta de jurisdicción constituye "una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas".[78]

El estándar adjudicativo al evaluar una moción de desestimación exige que los tribunales tomen como ciertos "todos los hechos bien alegados de la demanda y que hayan sido aseverados de manera clara y concluyente".[79] La obligación de tomar como ciertos únicamente los hechos bien alegados de la demanda supone excluir o eliminar del análisis las conclusiones de derecho o las alegaciones redactadas de tal forma que su contenido resulte hipotético.[80]

Como parte de este estándar adjudicativo, los tribunales están llamados a interpretar las alegaciones de la demanda conjuntamente y de forma liberal a favor de la parte demandante, resolviendo toda duda a su favor y concediendo el beneficio de cuanta inferencia sea posible hacer de los hechos bien alegados en la demanda.[81] Ante ello, "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".[82] Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Así, si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo

---

[77] *Costas Elena y otros v. Magic Sport y otros*, 2024 TSPR 13; 213 DPR ___.

[78] *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 539 (2019).

[79] *González Méndez v. Acción Social et al.*, 196 DPR 213 (2016).

[80] J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. JTS, 2011, T. II, págs. 529 (citado en *Asoc. Importadores de Cerveza v. E.L.A.*, 171 DPR 140, 149 (2007) (Rebollo López, opinión de conformidad)). Hernández Colón, *op. cit.*, págs. 307–308.

[81] *González Méndez v. Acción Social et al., supra,* pág. 234.

[82] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008).

el pretexto de que se podrán probar las alegaciones con el descubrimiento de prueba.[83]

De esta forma, solo procederá una moción de desestimación cuando la parte demandante no demuestre tener derecho a remedio alguno bajo cualesquiera hechos y estado de derecho que pudiera probar en un juicio.[84] Esto es, no "procede la desestimación, si la demanda es susceptible de ser enmendada".[85]

### - E - *Prescripción*

La *prescripción* es una institución que extingue el derecho a ejercitar una causa de acción cuando la parte legitimada deja de hacerlo dentro del término determinado por ley.[86]

"A través de la prescripción, nuestro ordenamiento promueve que las reclamaciones se insten de manera oportuna y que las personas ejerciten sus causas de acción diligentemente".[87] "La prescripción castiga la inercia, a la vez que, estimula el ejercicio rápido de las acciones. Mientras más cerca de su origen se entablen las reclamaciones, más se asegura que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía".[88]

Esta figura jurídica estaba regulada —para la fecha en que ocurrieron los hechos en el presente caso— por el Artículo 1861 del Código Civil de Puerto Rico de 1930, el cual disponía que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley".[89] Un término prescriptivo puede interrumpirse de tres (3) maneras: la correspondiente acción judicial; una

---

[83] *González Méndez v. Acción Social et al., supra*, págs. 234 – 235. Hernández Colón, *op. cit.*, pág. 307.
[84] *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 396 (2022); *López García v. López García*, 200 DPR 50, 70 (2018); *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38, 49 (2015).
[85] *Ortiz Matías et al. v. Mora Development,* 187 DPR 649 (2013).
[86] *Rivera Ruiz et al. v. Mun. de Ponce et al.,* 196 DPR 410, 415 (2016); *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 372-373 (2012).
[87] *Maldonado Rivera v. Suárez y otros,* 195 DPR 182, 192 (2016); *SLG García-Villega v. ELA et al.,* 190 DPR 799, 813 (2014); *S.L.G. Serrano-Báez v. Foot Locker*, 182 DPR 824, 831 (2011).
[88] *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra*, pág. 374; *Campos v. Cía. Fom. Ind.,* 153 DPR 137, 143 (2001).
[89] 31 LPRA ant. sec. 5291.

reclamación extrajudicial; y por el reconocimiento de la deuda por parte del deudor.[90] "Una vez se interrumpe la prescripción, el término prescriptivo comienza a transcurrir nuevamente".[91] La *prescripción* extintiva es una figura de naturaleza sustantiva, la cual se rige por los principios del Código Civil.[92] En el ámbito procesal "la prescripción es una defensa afirmativa que debe plantearse de forma expresa y oportuna, o de lo contrario, se entiende renunciada".[93]

La causa de acción que proveía el Artículo 1802 del Código Civil de Puerto Rico de 1930 para exigir la reparación de un daño extracontractual causado por culpa o negligencia, tiene un **término prescriptivo de un (1) año**.[94] "[L]a brevedad de este término responde a que el legislador quiso dotar de mayor certeza una relación que generalmente carece de ella debido a la inexistencia de un vínculo previo entre las partes y el desconocimiento de la extensión de la obligación".[95]

Este precepto se fundamenta en lo que en nuestro ordenamiento se conoce como la *teoría cognoscitiva del daño*.[96] Según esta, "el término prescriptivo para exigir responsabilidad por un daño extracontractual comienza a transcurrir cuando el perjudicado conoció —o debió conocer de haber procedido diligentemente— la existencia del daño, quién lo causó, así como los elementos necesarios para ejercer efectivamente la causa de acción".[97] "[N]o puede ejercitarse una acción si de buena fe el titular desconoce que tiene derecho a ejercitarla".[98] Aunque, "si el desconocimiento que impide ejercer la acción se debe a la falta de diligencia del reclamante, entonces no son aplicables las aludidas consideraciones [...] sobre la

---

[90] 31 LPRA ant. sec. 5303; 31 LPRA ant. sec. 5303; 31 LPRA ant. sec. 5303.
[91] *Cacho González et al. v. Santarrosa et al.*, 203 DPR 215, 228 (2019); *SLG García-Villega v. ELA et al., supra,* pág. 816; *Maldonado Rivera v. Suárez y otros, supra,* pág. 193.
[92] *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra,* pág. 373.
[93] *Meléndez Guzmán v. Berríos López,* 172 DPR 1010, 1017 (2008).
[94] 31 LPRA ant. sec. 5141.
[95] *Maldonado Rivera v. Suárez y otros, supra,* pág. 194.
[96] *Id.,* pág. 212.
[97] *Maldonado Rivera v. Suárez y otros, supra,* pág. 212.
[98] *Allende Pérez v. García,* 150 DPR 892, 903-904 (2000); *Martínez v. Bristol Myers, Inc.,* 147 DPR 383, 405 (1999); *Vega Lozada v. J. Pérez & Cía, Inc.,* 135 DPR 746, 754-755 (1994).

prescripción".[99]

De otra parte, cuando existen dos (2) o más cocausantes de un daño, todos responden de forma solidaria ante la persona perjudicada.[100] En estos casos, "la presentación oportuna de una demanda contra un presunto cocausante no interrumpe el término prescriptivo contra el resto de los alegados cocausantes [...]".[101] Por ende, cuando existen cocausantes de un daño, el perjudicado **"deberá interrumpir la prescripción en relación con cada cocausante por separado, dentro del término de un año establecido por el Art. 1868 del Código Civil, si interesa conservar su causa de acción contra cada uno de ellos"**.[102] *(Énfasis suplido).*

### - III -

En apretada síntesis, la señora **MARTÍNEZ RODRÍGUEZ** planteó en sus señalamientos de error, que incidió el foro apelado: (1) al declarar ha lugar las mociones presentadas por el **MUNICIPIO**, **PRIDCO** y su compañía aseguradora **MULTINATIONAL** –que como resultado se desestimó su causa de acción con perjuicio–, abusando así de su discreción; (2) en cuanto a la apreciación del derecho aplicable; y (3) al traer a colación unos hechos ajenos al caso de epígrafe.

Justipreciado el expediente del caso, y por entender que la señora **MARTÍNEZ RODRÍGUEZ** no hizo una discusión adecuada de los errores planteados –incluyendo que no entró a discutir el tercer error señalado–, procederemos a discutirlos en conjunto. Veamos.

El 14 de septiembre de 2023, se promulgó la *Sentencia* recurrida conteniendo las siguientes determinaciones de hechos incontrovertidas:

1. El 10 de mayo de 2019, la Sra. Luz Zenaida Martínez Rodríguez presentó el caso civil número MZ2019CV00705 en contra del Municipio de San Germán y la Compañía de Seguros ABC en representación del Municipio de San Germán y su alcalde en la cual alegó que los codemandados eran los responsables de los daños sufridos por la demandante a consecuencia de una caída ocurrida el

---

[99] *Padín v. Cia. Fom. Ind.,* 150 DPR 403, 411 (2000); *Vega Lozada v. J. Pérez & Cía, Inc., supra,* pág. 755; véase, además, *Martínez v. Bristol Myers, Inc., supra,* pág. 405.
[100] *Cubano v. Jiménez,* 32 DPR 167, 170 (1923).
[101] *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra*, pág. 389.
[102] *Íd., supra,* pág. 389 (citas omitidas).

10 de febrero de 2019 en la acera contigua a la calle Industrial del Barrio Retiro del Municipio de San Germán.

2. El 6 de diciembre de 2019, la Lcda. Marinés Collado, le remitió una carta al Lcdo. Ramón Ortiz Ortiz en la cual le informó que el lugar del incidente (la acera contigua a la calle industrial del Bo. Retiro del Municipio de San Germán) no estaba bajo el cuido, el control y el mantenimiento del Municipio de San Germán y a dicha carta le adjuntó la certificación número 1372/11, expedida por el Registrador del Registro de la Propiedad de San Germán el 2 de noviembre de 2011 de la cual surgía el nombre del titular del área.

3. El 12 de diciembre de 2019, el [Municipio de San Germán] radicó una *Moción Solicitando Sentencia Sumaria* en el caso MZ2019CV00705 y adjuntó a la misma la certificación número 1372/11, expedida por el Registrador del Registro de la Propiedad de San Germán el 2 de noviembre de 2011.

4. De la certificación número 1372/11, expedida por el Registrador del Registro de la Propiedad de San Germán el 2 de noviembre de 2011 surge que PRIDCO es el titular del área en la que se alega ocurrió el alegado incidente por el cual se reclama en este caso.

5. Puerto Rico Industrial Development Company (PRIDCO), no fue demandado ni formó parte del caso MZ2019CV00705, por lo que la radicación de este no tuvo efecto interruptor alguno en cuanto a PRIDCO se refiere.

6. La parte demandante, Sra. Luz Zenaida Martínez Rodríguez, presentó la demanda en contra PRIDCO el 2 de marzo de 2021, dos años y veinte días después [de] la ocurrencia de los hechos y un año y tres meses después que la parte demandante advino en conocimiento de que el titular del lugar de los hechos era PRIDCO.[103]

7. El accidente descrito en la Demanda ocurrió el 10 de febrero de 2019, en una acera contigua a la calle Industrial del Barrio Retiro, frente a "Antiguo Pitusa", ubicado en el Municipio de San Germán.

8. Según alegado en la Demanda, la demandante Luz Zenaida Martínez se encontraba caminando por la referida acera cuando sufrió una caída a consecuencia de un desnivel allí ubicado.

9. Para el 10 de febrero de 2019, la acera de la calle Industrial del Barrio Retiro frente a "Antiguo Pitusa", no estaba bajo la jurisdicción, control y mantenimiento del MSG.

10. Para el 10 de febrero de 2019, la calle Industrial del Barrio Retiro frente a "Antiguo Pitusa", no estaba bajo la jurisdicción, control y mantenimiento del MSG.

11. Para el 10 de febrero de 2019, el MSG no realizaba obra y/o proyecto alguno en la acera ni en la calle Industrial del Barrio Retiro frente a "Antiguo Pitusa".

12. Para el 10 de febrero de 2019, el MSG no era titular o codueño con el codemandado PRIDCO del lugar donde ocurrió el accidente descrito en la Demanda.

13. Para el 10 de febrero de 2019, el MSG no tenía obligación o inherencia alguna sobre el lugar donde ocurrió el accidente descrito en la Demanda.[104]

Como cuestión de umbral, precisa señalar que, a tenor con la

normativa atinente a la revisión de *sentencia sumaria*, y luego de apreciar

---

[103] Véase *Apéndice* de la Apelación, págs. 10-11.
[104] Véase *Apéndice* de la Apelación, págs. 19-20.

minuciosamente los respectivos escritos presentados, hallamos que: (i) la *Moción de Sentencia Sumaria Parcial* presentada por el **MUNICIPIO**; y la *Solicitud de Sentencia Sumaria por Prescripción* presentada por **PRIDCO** cumplen a cabalidad con los requisitos de forma estatuidos en la Regla 36 de las de Procedimiento Civil de 2009. La *Moción en Oposición a Moción de Sentencia Sumaria Parcial Radicada por el Municipio de San Germán* presentada por la señora **MARTÍNEZ RODRÍGUEZ;** y *Moción en Oposición a Moción de Sentencia Sumaria por Prescripción Radicada por Puerto Rico Industrial Development Company (PRIDCO)* presentada por la señora **MARTÍNEZ RODRÍGUEZ** no cumplen a cabalidad con los requisitos de forma estatuidos en la Regla 36 de las de Procedimiento Civil de 2009. Esto es, no realizó una relación concisa y organizada de los hechos materiales que a su entender estaban en controversia; y no logró controvertir lo expuesto por el **MUNICIPIO** y **PRIDCO**. Ello no dispone sin más de la controversia ante nuestra consideración.

Al revisar la totalidad del expediente judicial, este revela que el tribunal apelado aplicó correctamente la Regla 36 de las de Procedimiento Civil de 2009. En consecuencia, acogemos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial (incontrovertidos). En vista de ello, es nuestro deber revisar si el foro de instancia aplicó correctamente el derecho al asunto que nos ocupa. Resolvemos en la afirmativa.

Colegimos que no existe controversia de hechos en torno a la causa de acción incoada en contra de **MUNICIPIO**. Conforme a la jurisprudencia y normativa expuesta, un municipio no incurre en responsabilidad por accidentes ocurridos en las aceras ubicadas dentro de su demarcación territorial que pertenezcan al Gobierno estatal. El **MUNICIPIO** presentó su *Moción de Sentencia Sumaria Parcial* acompañada una *Declaración Jurada* suscrita por un representante del **MUNICIPIO**, quien certificó que el titular del lugar donde ocurrió el alegado accidente era **PRIDCO**; así como, una

certificación del Registro de la Propiedad de San Germán, la cual reiteraba lo anterior.

Al presentar su oposición, la señora **MARTÍNEZ RODRÍGUEZ** se limitó a alegar que existía controversia sobre la responsabilidad del **MUNICIPIO**, más no hizo referencia alguna a documento que sustentara su argumento. Por lo que, concluimos que, no incidió el foro apelado al dictar sentencia sumaria a favor del **MUNICIPIO**.

En lo pertinente a **PRIDCO**, el foro *a quo* también declaró ha lugar el pedimento de sentencia sumaria presentada por éste. Toda vez que, la acción presentada en su contra está prescrita. La señora **MARTÍNEZ RODRÍGUEZ** incoó la *Demanda* en contra de **PRIDCO** a los (2) años y veinte (20) días de la ocurrencia del daño; y un (1) año y tres (3) meses luego de haber advenido en conocimiento de que el titular de la acera donde ocurrió el alegado accidente era **PRIDCO**.

Al oponerse a la *Solicitud de Sentencia Sumaria por Prescripción*, la señora **MARTÍNEZ RODRÍGUEZ** alegó que en la primera *Demanda* (MZ2019CV00705), se presentó *Demanda Enmendada* para incluir a **PRIDCO** como parte co-demandada. Enfatizó, además, que, su presentación tenía el efecto inmediato de interrumpir el término prescriptivo que pudiera existir a favor de **PRIDCO** y su compañía aseguradora. Más, lo cierto es que, el foro primario no autorizó la *Demanda Enmendada*, por lo que, **PRIDCO** no formó parte del primer caso. De los documentos y alegaciones presentados por la señora **MARTÍNEZ RODRÍGUEZ,** tampoco surge que ésta haya ejercitado alguna reclamación extrajudicial en contra de **PRIDCO**. Dicho esto, la señora **MARTÍNEZ RODRÍGUEZ** tenía el deber de interrumpir el término prescriptivo en relación con cada cocausante –en este caso **PRIDCO**– por separado, dentro del término de un (1) año, y no lo hizo. Por tanto, resolvemos que, tampoco incidió el foro apelado al dictar su *Sentencia* pues, no existe

controversia de hechos materiales, y la acción presentada en contra de **PRIDCO** está prescrita.

Por otra parte, con relación a **MULTINATIONAL**, el foro de primera instancia desestimó la *Demanda* presentada en su contra por insuficiencia en el diligenciamiento del emplazamiento y por prescripción. De los autos, surge que, la señora **MARTÍNEZ RODRÍGUEZ** diligenció el referido emplazamiento en la siguiente dirección: 355 Ave. Roosevelt, Edificio Fomento Industrial, Suite 404 –donde ubican las oficinas de **PRIDCO**–, entregando a la señora Eunice Iglesias del Departamento de Contabilidad. Ello, a pesar de que, **PRIDCO** le había informado a la señora **MARTÍNEZ RODRÍGUEZ**, mediante correo electrónico enviado el 8 de febrero de 2022, el nombre y la dirección de su compañía aseguradora, a saber: *Multinational Insurance Company, 510 Ave. Muñoz Rivera, Hato Rey, PR 00919.* En lo referente al emplazamiento entregado a la señora Eunice Iglesias, surge de la certificación presentada por **MULTINATIONAL**, que esta nunca ha trabajado para la compañía aseguradora.

Dicho esto, queda demostrado que el foro primario no adquirió jurisdicción sobre **MULTINATIONAL,** puesto que, el emplazamiento fue diligenciado a una persona no autorizada para recibir el mismo a nombre de la compañía aseguradora y en dirección incorrecta. Por tanto, es forzoso deducir que la señora **MARTÍNEZ RODRÍGUEZ** no cumplió con las Reglas 4.2 y 4.4 (e) de las de Procedimiento Civil de 2009. Es menester resaltar que, el deber de cumplir con los requisitos de emplazamiento recae en la parte demandante, por lo que, le correspondía a la señora **MARTÍNEZ RODRÍGUEZ** emplazar nuevamente a la compañía aseguradora, una vez advino en conocimiento sobre su nombre correcto y dirección. Por el contrario, esta se cruzó de brazos, incumpliendo así con el término de ciento veinte (120) días para diligenciar el emplazamiento, conforme dispuesto en la Regla 4.3 (c). En adición, y como bien reseñáramos, la *Demanda* fue entablada el 2 de marzo

de 2021; la señora **MARTÍNEZ RODRÍGUEZ** advino en conocimiento del nombre y dirección de la compañía aseguradora el 8 de febrero de 2022, mas no fue hasta el 15 de mayo de 2023 –transcurrido un (1) año y tres (3) meses– que solicitó la sustitución de parte. En resumidas cuentas, es evidente que la causa de acción en contra de **MULTINATIONAL** está prescrita. Resolvemos, por consiguiente, que no incidió el foro primario al desestimar la *Demanda* en contra de **MULTINATIONAL** por insuficiencia en el diligenciamiento del emplazamiento y por prescripción.

Así, ello de por sí constituye razón suficiente para la determinación tomada por el foro apelado. Es sabido que, las determinaciones de hechos y de credibilidad del foro primario están revestidas de una presunción de corrección, por lo cual, merecen deferencia. Discernimos pues, que, la primera instancia judicial no abuso de su discreción al emitir la *Sentencia* recurrida, ni incurrió en pasión, perjuicio, parcialidad o error manifiesto. Acertadamente, realizó un análisis adecuado ceñido en el derecho aplicable.

- IV -

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* intimada el 14 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Si bien la Jueza Lebrón Nieves coincide en que procede confirmar la Sentencia apelada, está inconforme con la demora irrazonable con la que se ha adjudicado el presente recurso. Máxime, cuando ha transcurrido en exceso de un año que se acordó por mayoría el curso a seguir en este caso.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones